Filed 11/18/22  Gong v. Wong CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| JING GONG et al.,<br><br>  Plaintiffs and Appellants,<br><br>  v.<br><br>FRED A. WONG et al.,<br><br>  Defendants and Respondents. | B302494<br><br>(Los Angeles County<br>Super. Ct. No. 18STCV10136) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dennis J. Landin, Judge.  Affirmed.

Decker Law and James D. Decker for Plaintiffs and Appellants.

Wong & Mak and Fred A. Wong; Benedon & Serlin, Gerald M. Serlin and Melinda W. Ebelhar for Defendants and Respondents.

—————————————————

Plaintiffs and appellants Jing Gong; Paul Woloski; GWG Investment, LLC; and Ai Ying Gong (collectively, appellants) filed suit against, inter alia, defendants and respondents Fred A. Wong and Wong & Mak, LLP (an attorney and his law firm; collectively, the Wong Defendants)[1] for conversion and money had and received. Appellants vaguely alleged in their complaint that certain escrow funds belonging to Jing Gong were improperly distributed to the Wong Defendants.

The Wong Defendants moved for summary judgment, asserting the conversion and money had and received causes of action were time-barred because more than three years before appellants commenced the instant action, Jing Gong was aware that the escrow funds had been distributed to one of the Wong Defendants' clients. In support of appellants' opposition to the motion, their trial counsel submitted a declaration requesting a continuance of the motion hearing to allow him to seek discovery of the Wong Defendants' billing and payment records. Appellants' trial counsel claimed that these records could show that any attorney fees the aforesaid client paid to the Wong Defendants originated from the improperly disbursed escrow funds. The trial court denied appellants' request for a continuance and granted the Wong Defendants' summary judgment motion.

On appeal, appellants claim the trial court erred in denying their request for a continuance and in disregarding certain procedural defects in the Wong Defendants' separate statement offered in support of their motion. We reject the first claim of

---

[1] When we refer specifically to respondent Fred A. Wong, we identify him as defendant Wong.

2

error primarily because appellants' trial counsel's declaration did not establish that permitting them to obtain the billing and payment records could have enabled appellants to overcome the Wong Defendants' statute of limitations defense. In particular, even if those billing and payment records showed that the client made payments to the Wong Defendants within the limitations period, these documents alone would not have enabled appellants to trace the payments to funds that the client received from the escrow account. Appellants' trial counsel did not identify any sources of evidence that would allow him to bridge that evidentiary gap, let alone describe the steps necessary to discover such evidence.

Regarding the second claim of error, we conclude the Wong Defendants' failure to provide appellants with an editable version of their separate statement and to leave space in the right column of the document to insert their responses did not prevent appellants' trial counsel from preparing a response to the separate statement. Rather, it seems their trial counsel simply chose not to draft and file any such response.

Finding no error, we affirm.

## PROCEDURAL BACKGROUND[2]

We summarize only those aspects of the procedural history that are relevant to our disposition of the instant appeal.

---

[2] We derive our Procedural Background in part from admissions the parties make in their briefing, assertions the Wong Defendants make in their respondents' brief that appellants do not controvert in their reply, and undisputed aspects of the trial court's order granting summary judgment. (See *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 (*Artal*) [" '[B]riefs and argument . . . are reliable indications of a party's

## 1. *Appellants' complaint*

On December 31, 2018, appellants filed a complaint against the Wong Defendants; Te Chuan Chu; Ming Der Lin; Sincere Escrow, Inc.; and Margaret Chiu,[3] which alleges four causes of action: (1) quiet title to real property, (2) breach of written contract, (3) conversion, and (4) money had and received. The only causes of action the complaint levels against the Wong Defendants are the conversion and money had and received claims. In addition to the Wong Defendants, Sincere Escrow, Inc.; Chiu; and Chu are named as defendants on the conversion cause of action, and Sincere Escrow, Inc.; Chiu; Chu; and Lin are named as defendants on the money had and received cause of action. Jing Gong is the sole plaintiff on the conversion and money had and received causes of action.[4]

---

position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party.' "]; *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90 (*Rudick*) [concluding that the appellants made an implicit concession by "failing to respond in their reply brief to the [respondent's] argument on th[at] point"]; *Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 349, fn. 2 [utilizing the summary of facts provided in the trial court's ruling]; Standards of Review, *post* [noting that the trial court's orders and judgments are presumed correct].)

[3] Chu; Lin; Sincere Escrow, Inc.; and Chiu are not parties to this appeal.

[4] The remainder of this section summarizes pertinent allegations from appellants' complaint. We express no opinion as to the veracity of these averments.

On or about December 15, 2005, Jing Gong borrowed $310,000 from Chu and Lin, which was "secured by a promissory note and deed of trust against a residence owned by Jing Gong [on] . . . Walnut Avenue in Arcadia, California (the Walnut property)." On or about December 11, 2007, Chu "cancelled the Walnut property note and recorded a new deed of trust against" "undeveloped property located [on] . . . Garvey Avenue[ in] El Monte, California (the Garvey property)" pursuant to an agreement between Jing Gong and Chu to refinance the loan secured by the Walnut property. On or about February 5, 2010, Chu and his counsel, the Wong Defendants, foreclosed on the Garvey property by way of a trustee's sale. "Chu made a full credit bid of $431,933.00," and "Chu took title with . . . Lin to the Garvey property."

On June 12, 2012, Chu filed an action in the Los Angeles County Superior Court against Jing Gong and other defendants, asserting claims for fraudulent concealment, fraudulent conveyance, impairment of security interest, civil conspiracy, and cancellation of instruments. "At some point before trial, the parties entered into a written agreement to permit the sale of [certain real] property and to deposit in . . . escrow the proceeds in the sum of $230,836.00 with . . . Sincere Escrow[, Inc.] and . . . Chiu pending the final outcome of the action." "On July 14, 2014[,] the trial court awarded judgment to . . . Chu and against [Jing] Gong and her co-defendants in the total amount of $1,090,636.90." "Subsequently[,] the trial court issued an amended judgment due to mathematical errors in the total amount of $833,650.86."

"On September 23, 2014[,] the Court of Appeal, Second Appellate District . . . reversed the judgment and ordered that . . .

5

Chu shall recover nothing, except for $120,000.00 together with any interest thereon, which . . . Jing Gong alleges has been fully repaid to . . . Chu." At some point "before the conclusion of the litigation," Sincere Escrow, Inc. and Chiu allegedly "distribut[ed] to . . . Chu, . . . Lin, and or [*sic*] [the Wong Defendants] the aforementioned escrow proceeds without the knowledge or consent of [Jing] Gong . . . ."

"On or about August 21, 2015[,] the Los Angeles Superior Court . . . entered judgment in favor of Gong[5] and against . . . Chu in the net amount of $90,471.47 together with pre-judgment interest at $9,047.14 per year or $24.78 per day. The trial court offset the $120,000.00 that the Court of Appeal found was owed by Gong to . . . Chu from the escrow funds of $230,835.33. The trial court did so because it determined that . . . Chu had taken the escrow monies 'through the premature enforcement of his judgment.' " "As the legal result of the conversion of [Jing Gong's] funds" and "the breach of contract by Defendants," to wit, the premature distribution of the escrow funds, "Jing Gong has sustained monetary damages in the principal sum of $90,471.47 together with prejudgment interest thereon since December 15, 2005 in the amount of $9,047.14 per year or $24.78 per day."

---

[5] The Wong Defendants correctly point out this averment from the complaint "does not specify whether 'Gong' is JING GONG, . . . AI YING GONG, or both."

**2.** *The Wong Defendants' summary judgment motion, the briefing relating thereto, the trial court's ruling granting the motion, and appellants' notice of appeal*

On May 23, 2019, the Wong Defendants moved for summary judgment on the ground that the claims for conversion and money had and received are barred by their respective statutes of limitation. Specifically, the Wong Defendants argued that Jing Gong already knew more than three years before filing suit that Chu had received the $230,835.33 in escrow funds, the statute of limitations for conversion is three years, and the limitations period for money had and received is two years.

On August 5, 2019, appellants filed their opposition to the summary judgment motion. Appellants' opposition was accompanied by a declaration from their trial counsel in which he "request[ed] that the Court either deny or continue the motion for a sufficient time to allow for necessary discovery and motions to compel."[6] Attached to appellants' trial counsel's declaration was an e-mail the attorney had sent to the Wong Defendants' counsel on July 22, 2019, wherein the attorney asserted that the Wong Defendants' separate statement was defective because, inter alia, it did "not conform to the format required by [California Rules of Court, rule] 3.1350(d)(3) and (h)." In the e-mail, appellants' trial counsel also requested "an electronic version of the separate statement."

On August 8, 2019, the Wong Defendants filed a reply to appellants' opposition to the summary judgment motion.

---

[6] We describe appellants' trial counsel's declaration in further detail in Discussion, part A, *post*.

7

On August 19, 2019, the trial court heard the Wong Defendants' motion, denied appellants' request for a continuance, and granted summary judgment. On September 9, 2019, the trial court entered judgment in favor of the Wong Defendants in accordance with the court's ruling on their summary judgment motion.[7] On September 13, 2019, the Wong Defendants mailed a notice of entry of the judgment to appellants' trial counsel. Appellants appealed the judgment on November 12, 2019.

## STANDARDS OF REVIEW

"A party may move for summary judgment in an action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding. . . ." (Code Civ. Proc., § 437c, subd. (a)(1).)[8] "A defendant . . . has met his or her burden of showing that a cause of action has no merit if the party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to the cause of action. Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show

---

[7] As we noted in Procedural Background, part 1, *ante*, Jing Gong is the sole plaintiff on the conversion and money had and received causes of action. Yet, the trial court entered judgment in favor of the Wong Defendants and against *all four appellants*. Nevertheless, because appellants do not address this discrepancy at all in their briefing, we do not discuss it further. (See Standards of Review, *post* [stating that appellants are responsible for affirmatively demonstrating error by supplying the reviewing court with cogent argument supported by legal analysis and citation to the record].)

[8] Undesignated statutory citations are to the Code of Civil Procedure.

8

that a triable issue of one or more material facts exists as to the cause of action or a defense thereto.  The plaintiff . . . shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto." (§ 437c, subd. (p)(2).)  "We review an order granting or denying summary judgment or summary adjudication independently." (*Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 492 (*Los Angeles Unified School Dist.*).)

"If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just." (§ 437c, subd. (h).)  " 'When a party makes a good faith showing by affidavit demonstrating that a continuance is necessary to obtain essential facts to oppose a motion for summary judgment, the trial court must grant the continuance request.  [Citation.] . . . .' [Citation.]" (*Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 532 (*Johnson*).)  "When a continuance of a summary judgment motion is not mandatory, because of a failure to meet the requirements of Code of Civil Procedure section 437c, subdivision (h), the court must determine whether the party requesting the continuance has nonetheless established good cause therefor." (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 716 (*Lerma*).)

We review a trial court's ruling on a request for a continuance of a summary judgment hearing under the abuse of discretion standard.  (*Chavez v. 24 Hour Fitness USA, Inc.* (2015)

9

238 Cal.App.4th 632, 643 ["We review a court's ruling on a request for a section 437c, subdivision (h) continuance for abuse of discretion."]; see *Lerma*, *supra*, 120 Cal.App.4th at pp. 711–712, 716 [applying the abuse of discretion standard to a continuance request supported by an affidavit that did not satisfy the requirements of section 437c, subdivision (h)].) Likewise, because "the [trial] court's power to deny summary judgment on the basis of" "procedural[ ] defect[s]" in the movant's separate statement is "discretionary, not mandatory," we review a court's declination to exercise that power for abuse of discretion. (See *Truong v. Glasser* (2009) 181 Cal.App.4th 102, 118 (*Truong*).) To satisfy the abuse of discretion standard, an appellant must show the trial " 'court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' [Citation.]" (See *Franceschi v. Franchise Tax Bd.* (2016) 1 Cal.App.5th 247, 256–257 (*Franceschi*).)

" 'A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' [Citation.]" (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.) Thus, " ' "it is the appellant's responsibility to affirmatively demonstrate error[,]" ' " and " ' "review is limited to issues which have been adequately raised and briefed." ' [Citation.]" (See *Los Angeles Unified School Dist.*, *supra*, 57 Cal.App.5th at p. 492.) " '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.]" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) The appellant bears this burden of rebutting the presumption of correctness accorded to the trial court's decision, regardless of the applicable standard of

10

review. (See *Los Angeles Unified School Dist.*, at p. 492 [noting that these principles apply to " ' "an appeal from any judgment" ' "]; see also *Orange County Water Dist. v. Sabic Innovative Plastics US, LLC* (2017) 14 Cal.App.5th 343, 368, 399 [indicating that an appellant must affirmatively show the trial court erred even if the de novo standard of review applies].)

## DISCUSSION

Appellants raise two claims of error: (1) the trial court should have granted their request for a continuance of the summary judgment hearing to allow them to conduct further discovery, and (2) the court erred in disregarding certain "defects" in the Wong Defendants' separate statement.[9]

Appellants do not, however, argue that the trial court erred in concluding, based on the evidence presented in connection with the Wong Defendants' motion, that Jing Gong's "third and fourth causes of action against [the] Wong Defendants are barred by the statute of limitations" because (1) "the statute of limitation[s] for conversion is three years, and for money had and received [is] two years"; (2) "[t]he records show that the distribution of the $230,835.33 in escrow funds occurred on January 14, 2013"; (3) the conversion and money had and received causes of action accrued "no later than March 2, 2015," which is the date on which

---

**9** Appellants also purport to raise a third claim of error, to wit, the trial court erred in concluding that appellants had not adequately alleged and/or offered sufficient evidence establishing the essential elements of Jing Gong's conversion and money had and received causes of action. Because this contention concerns the trial court's rationale for denying appellants' request for a continuance of the hearing, we address that argument in Discussion, part A, *post*.

11

Jing Gong executed a declaration indicating she "knew that Chu had received the $230,835.33 in escrow funds," which declaration Jing Gong submitted in support of a motion for restitution she filed on April 14, 2015 in the previous lawsuit; and (4) "the present action was filed on December 31, 2018[,] outside [the] limitations periods for conversion and money had and received." Consequently, appellants waive any challenge to those aspects of the trial court's order, and we discuss only the two claims of error appellants raise in their briefing.[10]

## A. Appellants Fail To Establish the Trial Court Abused Its Discretion In Denying Their Request for a Continuance of the Summary Judgment Hearing

Appellants contend their trial counsel submitted a declaration satisfying section 437c, subdivision (h)'s requirements for requests for continuance of summary judgment hearings. Specifically, appellants argue counsel's declaration "described how he was served with the motion after the first session of [defendant] Wong's deposition, at which [defendant] Wong failed to produce requested documents demonstrating payment of attorneys' fees from his client, Chu, following release of the subject escrow proceeds," and that appellants' trial counsel "stated that [defendant] Wong failed to produce the records

---

[10] (See *Los Angeles Unified School Dist.*, *supra*, 57 Cal.App.5th at p. 492 [" ' "[Appellate] review is limited to issues which have been adequately raised and briefed." ' "]; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [" ' "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' "].)

following the second session" of his deposition.  According to appellants, "[t]he declaration further established that, based on discovery received (i.e., correspondence from Wong to [a]ppellants' former counsel), . . . Chu was destitute at or about the time he received the disbursed escrow funds, thereby suggesting that at least some portion of the escrow funds (i.e., the funds belonging to [a]ppellants) were indeed transferred to [the Wong Defendants]."  Appellants maintain "[t]he requested discovery was necessary to the opposition of the [motion], as it would have shown when [the Wong Defendants] received the funds in question—and thus when [a]ppellants' claims accrued."  They also argue that even if counsel's declaration did not satisfy section 437c, subdivision (h), the trial court should have exercised its discretion to grant a continuance, primarily because the motion had been filed at a relatively early stage of the proceedings.

In its order on the Wong Defendants' motion, the trial court stated it did "not believe that further discovery of [the] Wong Defendants' billing and payment records [could] overcome" the "defects" warranting the entry of summary judgment, that is, the fact the conversion and money had and received claims were time-barred.  The court observed that " 'money cannot be the subject of a conversion action unless a specific sum capable of identification is involved[,]' " and that "[t]here is no allegation in the Complaint or any evidence presented to show that [the] Wong Defendants were paid an identifiable sum by Chu from the escrow money."  (Quoting *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.* (1996) 49 Cal.App.4th 472, 485 (*Software Design & Application, Ltd.*).)  In connection with the money had and received cause of action, the trial court stated:  "Even with

13

further discovery of [the] Wong Defendants' billing records, the Court highly doubts that [appellants] can establish [a] direct connection between the escrow money and attorneys' fee that [the] Wong Defendants rightfully earned from representing Chu." The court further observed that " 'an action for money had and received will lie to recover money paid by mistake, under duress, oppression or where an undue advantage was taken of plaintiffs' situation whereby money was exacted *to which the defendant had no legal right.'* " (Quoting *J.C. Peacock, Inc. v. Hasko* (1961) 196 Cal.App.2d 353, 361, italics added by this court.)

As a preliminary matter, appellants argue the trial court erred in discussing whether Jing Gong could establish the essential elements of her conversion and money had and received causes of action because "[t]he motion here was based exclusively on the [Wong Defendants'] statute of limitations argument . . . ." Appellants are mistaken.

The trial court correctly noted—and appellants do not dispute—that " '[a] cause of action accrues at "the time when the cause of action is complete with all of its elements." ' [Citation.]" (Quoting *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806.) " ' " ' "Ordinarily this is when the wrongful act is done *and the obligation or the liability arises*, but it does not 'accrue until the party owning it is entitled to begin and prosecute an action thereon.' " . . . In other words, "[a] cause of action accrues 'upon the occurrence of the last *element essential to the cause of action.'* " ' " ' [Citation.]" (*Choi v. Sagemark Consulting* (2017) 18 Cal.App.5th 308, 323, initial italics added.) Consequently, whether the Wong Defendants' receipt of payments from Chu for legal services gives rise to liability for conversion and money had and received is a matter that is intertwined with whether those

14

claims have an accrual date that renders them timely. Thus, the trial court did not err in assessing the merits of those two causes of action in the course of determining whether discovery of the Wong Defendants' billing and payment records would enable Jing Gong to overcome their statute of limitations defense.

Next, appellants argue the trial court erred in concluding that Jing "Gong's conversion claim failed as [a] matter of law [because] 'there is no allegation in the Complaint or any evidence presented to show that [the] Wong Defendants were paid an identifiable sum by Chu from the escrow money.' [Citation.]" In particular, they contend "the Complaint alleges that [the Wong Defendants] received [$]230,836.00 from escrow, $90,471.14 of which belonged to [a]ppellants, which [the Wong Defendants] failed to return."

The trial court correctly found that appellants did not allege in their complaint that Chu paid an identifiable sum from the escrow funds to the Wong Defendants. Rather, appellants had averred that Sincere Escrow, Inc. and Chiu "distribut[ed] to . . . Chu, . . . Lin, and or [*sic*] [the Wong Defendants] the aforementioned escrow proceeds without the knowledge or consent of . . . [Jing] Gong . . . ."[11] Furthermore, appellants

_____

[11] At one point in the complaint, appellants averred that "Defendants" "distribut[ed] to Te Chaun [*sic*] Chu, Ming Der Lin, and or [*sic*] [the Wong Defendants] the aforementioned escrow proceeds without the knowledge or consent of Plaintiff Gong and before the conclusion of the litigation." Even if these "Defendants" who allegedly distributed the escrow funds included Chu, and the Wong Defendants supposedly were the recipients of those funds from Chu, Jing Gong could not survive summary judgment by relying on this vague assertion from the complaint. (See *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040,

15

do not contest the trial court's finding that "[t]here is no . . . evidence . . . show[ing] that [the] Wong Defendants were paid an identifiable sum by Chu from the escrow money." The absence of this evidence is fatal to appellants' resort to an accrual date that would yield a timely conversion claim against the Wong Defendants, given that "money cannot be the subject of a conversion action unless a *specific sum capable of identification* is involved." (See *Software Design & Application, Ltd., supra*, 49 Cal.App.4th at p. 485, italics added.) Similarly, Jing Gong could show her money had and received claim is timely only if she could demonstrate that within the limitations period, Chu in fact paid the Wong Defendants money Chu had obtained from the escrow fund. (See *Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925, 937 [noting that a plaintiff may recover on a money had and received claim " 'wherever one person has received money *which belongs to another*, and which in equity and good conscience should be paid over to the latter[,]' " italics added].)

Furthermore, even if the trial court had permitted appellants to discover and thereafter proffer the Wong Defendants' billing and payment records, the conversion and money had and received claims would still have failed. In his declaration, appellants' trial counsel asserted: "Based upon correspondence from [defendant] Wong to other counsel then representing [Jing Gong] which was produced in discovery, [defendant] Wong asserts that his client Te Chaun [*sic*] Chu at or about the time he received the wrongfully disbursed escrow money was broke and was unable to make restitution to [Jing

1054 ["It is fundamental that to defeat summary judgment a plaintiff must show 'specific facts' and cannot rely on allegations of the complaint."].)

Gong].[12]  This suggests that it was more likely than not that any attorney fees paid by Chu to [defendant] Wong following the escrow distribution came from those funds."

Appellants' trial counsel did not submit a copy of the correspondence from defendant Wong referenced within his declaration, specifically identify the timeframe in which defendant Wong had asserted his client was "broke," or elaborate further on the meaning of that term (e.g., whether Chu had no assets whatsoever or simply did not have sufficient assets to pay an unspecified amount of restitution to Jing Gong).  Without further evidence concerning Chu's financial state at the points in time at which he received the escrow funds and had paid the Wong Defendants for legal services, a trier of fact would have to resort to speculation to find that any of the payments to the Wong Defendants are traceable to the escrow funds rather than to some independent source(s) of money.[13]  (See *Granadino v.*

---

**12**  Appellants' trial counsel did not further describe the "restitution" he claims Chu was unable to make to Jing Gong. Furthermore, although the trial court observed in its summary judgment ruling that Jing Gong "filed [a] Motion for Restitution in her previous lawsuit on April 14, 2015," Jing Gong filed that motion more than two years after the escrow funds were distributed to Chu.  It is thus unclear whether the restitution Jing Gong sought in the prior proceedings is the restitution that appellants' trial counsel believed Chu was supposedly unable to pay "at or about the time he received the wrongfully disbursed escrow money . . . ."

**13**  The Wong Defendants point out that in the opposition to the motion, appellants asserted that defendant Wong "testified at his deposition that he received payments from Chu 'which he believed came from the subject escrow funds.' "  The Wong Defendants insist that this "accusation appears in the unverified

17

*Wells Fargo Bank, N.A.* (2015) 236 Cal.App.4th 411, 418 ["To defeat summary judgment, [nonmovants] cannot rely on 'speculation, conjecture, imagination, or guesswork.' "].) Furthermore, appellants' trial counsel did not identify any potential sources of evidence concerning Chu's financial state upon which appellants could seek discovery, let alone express any intention to conduct such discovery or specify the steps or procedures counsel would undertake to procure such evidence.

In sum, because discovery of the Wong Defendants' billing and payment records could not have allowed Jing Gong to avoid summary judgment on her conversion and money had and received claims against these defendants, the trial court did not act in an arbitrary, capricious, or patently absurd manner in denying the request for a continuance.[14]

---

Points & Authorities of the Opposition and therefore does not constitute evidence," and that "[a]t no time during . . . WONG's deposition did he state that all, or any part, of the payment received by . . . WONG & MAK for the representation of Chu came from the escrow account maintained by Sincere Escrow." By failing to respond to these claims in their reply brief, appellants impliedly disclaim any reliance on this supposed deposition testimony from defendant Wong. (See *Rudick*, *supra*, 41 Cal.App.5th at pp. 89–90 [concluding that the appellants made an implicit concession by "failing to respond in their reply brief to the [respondent's] argument on th[at] point"]; *Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5 [holding that "we are unable to accept counsel's argument . . . as facts" and that " 'unsworn averments in a memorandum of law prepared by counsel do not constitute evidence' "].)

[14] (*Franceschi*, *supra*, 1 Cal.App.5th at pp. 256–257 [describing the abuse of discretion standard]; see *Johnson*, *supra*, 205 Cal.App.4th at p. 532 ["An opposing party's declaration in

**B.** **Appellants Do Not Show the Trial Court Abused Its Discretion in Granting Summary Judgment Notwithstanding the Wong Defendants' Failure to (1) Utilize the Proper Two-Column Format in Their Separate Statement and (2) Provide Appellants with an Editable Version of the Separate Statement**

California Rules of Court, rule 3.1350(d)(3) provides that the movant's separate statement of undisputed material facts "must be in the two-column format specified in (h)," and that "[t]he statement must state in numerical sequence the undisputed material facts in the first column followed by the evidence that establishes those undisputed facts in that same column." (See Cal. Rules of Court, rule 3.1350(d)(3); *id.*, rule 3.1350(d)(1) [indicating the separate statement discussed in rule 3.1350(d)(3) is "[t]he Separate Statement of Undisputed

---

support of a motion to continue the summary judgment hearing should show[, inter alia,] . . . '[f]acts establishing a likelihood that controverting evidence may exist and why the information sought is essential to opposing the motion' . . . and . . . '[t]he specific steps or procedures the opposing party intends to utilize to obtain such evidence' "]; cf. *Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 653–657 [holding that the trial court did not err in denying a nonmovant's request for a continuance of a summary judgment hearing because the party "failed to show how facts essential to its opposition could be obtained by deposing [the movant's] attorney" given that, although the movant's attorney could offer testimony *relevant* to the nonmovant's unclean hands defense (i.e., evidence showing the attorney "intentionally misrepresented" that the nonmovant's check was "returned unpaid due to unavailable funds"), that evidence would not have been *sufficient* to enable the movant to survive summary judgment based on that defense].)

Material Facts in support of a motion"]; *id.*, rule 3.1350(a)(1) [defining " '[m]otion' " for the purposes of this rule as "either a motion for summary judgment or a motion for summary adjudication"].) California Rules of Court, rule 3.1350(h) requires that separate statements adhere to a two-column format in which the movant's undisputed material facts and supporting evidence appear in the lefthand column in order to allow the nonmovant to prepare an opposing separate statement in which the nonmovant could insert its "[r]esponse and [s]upporting [e]vidence" in the righthand column directly adjacent to each of the movant's undisputed material facts. (See *id.*, rule 3.1350(h).)

Additionally, California Rules of Court, rule 3.1350(i) provides: "On request, a party must within three days provide to any other party or the court an electronic version of its separate statement. The electronic version may be provided in any form on which the parties agree. If the parties are unable to agree on the form, the responding party must provide to the requesting party the electronic version of the separate statement that it used to prepare the document filed with the court. Under this subdivision, a party is not required to create an electronic version or any new version of any document for the purpose of transmission to the requesting party." (Cal. Rules of Court, rule 3.1350(i).)

Appellants contend the Wong Defendants violated each of these rules. First, appellants argue the Wong Defendants "left no room for [a]ppellants to input their response to [the] . . . purportedly undisputed facts" on the separate statement because the Wong Defendants "included their evidentiary citations in the right-hand column (which, of course, belonged in the left-hand column)." Second, appellants contend their trial counsel

20

requested from the Wong Defendants an electronic copy of their separate statement on July 22, 2019, and that the Wong Defendants did not respond to that request until 14 days after appellants' trial counsel asked for it, which was "just one day before the deadline to submit [their] opposition)." Third, appellants complain "the electronic copy that [the Wong Defendants] claimed to have provided was in a non-editable format, i.e., pdf," and was not in the "editable format" the Wong Defendants' counsel must have used to prepare the separate statement (e.g., a format "used [by] Microsoft Word"). The Wong Defendants admit that their "Separate Statement did not provide the supporting evidence in the left hand column of the document, but instead listed the evidence in the right hand column"; and that they provided a .pdf copy of the separate statement to appellants. Appellants insist "these defects" had "precluded [them] from responding to [the Wong Defendants'] separate statement . . . ."

We observe that the Wong Defendants' separate statement is only eight pages in length. Furthermore, the proof of service accompanying the separate statement shows the Wong Defendants mailed this document to appellants' trial counsel on May 23, 2019. Appellants do not contest the validity of this proof of service or show that delivery of this document to their attorney had somehow been delayed.[15] In addition, appellants concede

---

[15] Appellants claim in their opening brief that "[t]he MSJ was served on June 14, 2019," but neither of the documents they cite supports that proposition.

their opposition to the summary judgment motion was not due until August 6, 2019.[16]

Thus, appellants' trial counsel had more than two months to copy the Wong Defendants' eight-page separate statement manually into an editable electronic format in which the Wong Defendants' evidentiary citations would appear in the left column of each page. Yet, the record does not contain any responsive separate statement from appellants. It thus appears that, instead of undertaking this commonsense measure to oppose the summary judgment motion, appellants' trial counsel chose not to prepare and file a separate statement at all.

Under these circumstances, we conclude the trial court did not act in an arbitrary, capricious, or patently absurd manner when it granted the Wong Defendants' summary judgment motion notwithstanding the procedural defects raised by appellants.[17] (*Franceschi*, *supra*, 1 Cal.App.5th at pp. 256–257; cf. *Truong*, *supra*, 181 Cal.App.4th at p. 118 [concluding that a trial court had the discretion to overlook a movant's alleged failure to include the headings required by California Rules of Court, rule 3.1350(d) in a separate statement because the nonmovants had "not explained how any alleged deficiency . . .

---

[16] (See *Artal*, *supra*, 111 Cal.App.4th at p. 275, fn. 2 [noting that we may construe a statement in a brief as an admission against the party making it].)

[17] In light of our disposition, we do not address the Wong Defendants' other arguments in support of the judgment, including their contentions that appellants improperly included certain documents in their appendix, and that appellants' failure to provide a record of the oral proceedings in the trial court is fatal to their appeal.

impaired [their] ability to marshal evidence to show that material facts were in dispute"].)

## DISPOSITION

The judgment is affirmed.  Defendants and respondents Fred A. Wong and Wong & Mak, LLP are entitled to their costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

CHANEY, J.

WEINGART, J.*

---

\*  Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.